AMERICAN SULPHITE PULP CO. v. HINCKLEY FIBRE CO.

(District Court, N. D. New York. April 3, 1917.)

PATENTS ⊚⇒323—SUIT FOR INFRINGEMENT—OPENING DECREE FOR NEW EVIDENCE.

A decree finding validity and infringement of a patent will not be reopened on application made after considerable delay to permit the introduction of evidence which must have been known to the applicant prior to its entry, unless the evidence is of such persuasive character as to make it probable that it might change the result in the trial or appellate court.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 596–599.]

In Equity. Suit by the American Sulphite Pulp Company against the Hinckley Fibre Company. On application by defendant to open decree to permit introduction of new evidence. Denied.

This is an application by the defendant to open the decree herein in favor of the complainant and permit the introduction of additional evidence (alleged new evidence), relating to and regarding the Mitscherlich patent No. 284,319, dated September 4, 1883, for "preparing cellulose from wood" and the structure therein described, and also the use of such structure for the purpose of showing prior use, etc.

Frank T. Benner, of Boston, Mass., for plaintiff.

Henry Schreiter, of New York City (Drury Cooper, of New York City, of counsel), for defendant.

RAY, District Judge. The defendant prays leave to introduce in this case, opening the decree for that purpose, alleged newly discovered evidence and which, defendant claims, will establish that sulphite

pulp digesters lined in substantially the same way as recited in paragraphs B, D, and F of the interlocutory decree herein, entered September 5, 1916, were in use prior to complainant's alleged invention. Such paragraphs specify the linings which this court held infringed the complainant's reissued patent in suit, the Russell patent. The defendant desires to prove the installation and use of certain sulphite pulp digesters in the mill of the Alpena Sulphite Fibre Company at Alpena, Mich., in the year 1886, and the installation and use of other similar digesters in 1887 and 1888, all in the United States, and the use since such times of such digesters for cooking pulp by the sulphite process.

I gave to this case long and careful examination and consideration when first before me and again when a motion was made to open the decree and correct same, having overlooked certain evidence. On this motion notwithstanding the delay, and alleged laches, I have gone over my former opinion and the opinion of the Circuit Court of Appeals in this circuit upholding the Russell patent, American Sulphite Pulp Co. v. De Grasse Paper Co., 157 Fed. 660, 87 C. C. A. 260, and also the alleged new evidence as disclosed in the case of American Sulphite Pulp Company v. Aldrich Paper Company (in equity, No. 7179), where is found the deposition of Allan M. Fletcher, Alfred M. Low, Theodore W. Dunn, and others as to the invention disclosed in the Mitscherlich patent and the use of the structure there disclosed at Alpena, Mich., etc., taken April 21, 1914, October 8, 1914, and perhaps other dates. If I thought the introduction into this case of the patent and testimony last referred to would change the result in the Circuit Court of Appeals, I would open this interlocutory decree in the interest of justice, notwithstanding the delay. But its consideration as evidence in the case would not change my conclusions already announced in the decision of the case.

In deciding this case I considered and had before me this Mitscherlich patent. See (D. C.) 217 Fed. 51, 53. The Russell patent in suit here was sustained in American Pulp Co. v. De Grasse Paper Co., 157 Fed. 660, 662, 87 C. C. A. 260, by the Circuit Court of Appeals in this circuit. It was also passed upon by the Circuit Court of Appeals in the First Circuit. American Sulphite Pulp Co. v. Howland Falls Pulp Co., 80 Fed. 395, 25 C. C. A. 500.

Without going into detail, it appears that the alleged newly discovered evidence is hardly within that description. The counsel for defendant must have known of the use of the composition and lining described in the Mitscherlich patent at Alpena and elsewhere before the decree in this case. I think it was incumbent on him to put the evidence into this case, or apply for leave to do so, prior to the decree. It is true that by reason of overlooking certain evidence this court at first gave a decree in favor of defendant, but on application duly made that decree was opened and vacated and a decree made for complainant. While that application was pending, and at least before decree pursuant to the previously announced decision, defendant's attorney must have known of this evidence.

Application denied.